# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| DAVID FLETCHER, | ) |
| Plaintiff, | ) |
| v. | ) NO. 3:16-cv-00751 |
| | ) JUDGE CRENSHAW |
| JIM GRANT, et al., | ) |
| Defendants. | ) |

## **M E M O R A N D U M**

Plaintiff David Fletcher, a resident of Nashville, Tennessee, brings this *pro se, in forma pauperis* action against Jim Grant, Kevin Koback and the United States Justice Department, alleging a violation of the Plaintiff's civil rights. (Doc. No. 1). He seeks $25,000,000 in damages and a declaration that "no repercussions be taken towards [the plaintiff] . . . ." (*Id*. at p. 3).

## I. Required Screening of the Complaint

The Plaintiff is proceeding as a pauper in this action; therefore, the Court must conduct an initial review of the complaint under 28 U.S.C. § 1915(e)(2) and dismiss it or any portion of it that is frivolous or malicious, fails to state a claim for which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. In assessing whether the complaint in this case states a claim on which relief may be granted, the Court applies the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as construed by Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). See Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that "the dismissal standard articulated

1

in Iqbal and Twombly governs dismissals for failure to state a claim under § 1915(e)(2)(B)(ii)] because the relevant statutory language tracks the language in Rule 12(b)(6)").

"Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 679; see also Twombly, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"Pro se complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." Williams, 631 F.3d at 383 (internal quotation marks and citation omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); see also Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (internal quotation marks and citation omitted); Payne v. Sec'y of Treas., 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); cf. Pliler v. Ford, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants."); Young Bok Song v. Gipson, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to

affirmatively require courts to ferret out the strongest cause of action on behalf of pro se litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

**II.        Analysis**

The complaint does not cite any particular federal statute or Constitutional provision other than the "Civil Rights Act." (Doc. No. 1 at p. 1). The complaint alleges that, during his arrest for an unspecified crime, the Plaintiff was required to sit, handcuffed, to a chair in his niece's living room while Defendants Grant and Koback searched the apartment. (*Id.* at p. 2). The complaint further alleges that one of the Defendants told the Plaintiff that "all niggers are guilty." (*Id.*)

While the Court absolutely does not condone such language or ideology, the complaint does not state in what way the alleged statement deprived the Plaintiff of any constitutional rights. "The use of racial slurs and other derogatory language, although 'unprofessional and reprehensible,' does not give rise to a claim of 'constitutional magnitude.'" Lambert v. CCA, No. 3:15-cv-0687, 2015 WL 4042205, at * 2 (M.D. Tenn. July 1, 2015)(quoting Jones Bey v. Johnson, 248 F. App'x 675, 677-78 (6th Cir. 2007)); see Ivey v. Wilson, 832 F.2d 950, 955 (6th Cir. 1987)(per curiam)(holding that "verbal abuse" and "harassment" do not qualify as "punishment" of the type prohibited by the Eighth Amendment).

The complaint alleges that, as a result of this incident, the Plaintiff fears that the United States Justice Department is going to "hurt or kill" him. (*Id.* at p. 3). However, the complaint does not allege that the Defendants engaged in excessive force in accomplishing the Plaintiff's

arrest. The complaint does not allege that either Defendant made any threats toward the Plaintiff. There are simply no allegations supporting the Plaintiff's belief that he will be the victim of racial profiling or harm in the future at the direction of the United States Justice Department. Therefore, the Court finds that the complaint fails to state a claim upon which relief can be granted as to all Defendants.

**III.     Conclusion**

In conclusion, the Court finds that the complaint fails to state a claim upon which relief can be granted. This action, therefore, will be dismissed with prejudice. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE